In re Edward HORN & Rebecca Horn, Debtors.

Kalisher Properties, Ltd.

v.

Millennium Southwest Healthcare, Inc., Bryan S. Drazner, Winston L. Mascarenhas and Edward Horn.

Bankruptcy No. 00–43021.
Adversary No. 01–4020.

United States Bankruptcy Court,
E.D. Texas,
Sherman Division.

July 19, 2001.

H. Mark Baggett, Plano, TX, Kelly Franklin Bagnall, Brown, McCarroll & Oaks Hartline, Dallas, TX, for debtors.

Charles E. Lauffer, Jr., Ritcheson & Dollahite, P.C., Tyler, TX, Wendell H. Livingston, Becket & Lee LLP, Malvern, PA, Michael Reed, McCreary, Veselka, Beck & Allen, Austin, TX, Jerel S. Twyman, Houston, TX, for creditors.

### MEMORANDUM OPINION

DONALD R. SHARP, Chief Judge.

NOW before the Court is the Kalisher Properties' Motion To Abstain Or Remand filed by Defendant Kalisher Properties in this adversary proceeding (the "Motion"). The Court considered the pleadings filed and the record in this case. This opinion constitutes the Court's findings of fact and conclusions of law required by Fed. R.Bankr.Proc. 7052 and disposes of all issues before the Court.

### FACTUAL AND PROCEDURAL BACKGROUND

Edward Horn, one of the Debtors in Case No. 00–43021, and a Defendant in this adversary proceeding, filed a voluntary petition for relief under Title 11, the Bankruptcy Code, on October 3, 2000.

Kalisher Properties, Inc. ("Plaintiff", "Kalisher"), the Plaintiff in this adversary proceeding, was scheduled by the Debtor as a general unsecured creditor. Prior to the date of filing, Plaintiff had filed an Original Petition in the 14th Judicial District Court of Dallas County, Texas against Millennium, Edward Horn (hereinafter "the Debtor"), Danzer and Macarenhas ("Defendants") for damages in the approximate amount of $45,0000 for breach of a lease of non-residential property ("Texas Court Action"). The basis of the Texas Court Action is a certain lease entered into by and between Millennium and Jack and Wendy Kalisher, predecessors in interest to Plaintiff in the lease of non-residential property (the "Lease"). The Debtor and defendants Mascarenhas and Drazner allegedly guaranteed payment of the Lease under a written guarantee providing for joint and several liability. Plaintiff alleges that Millennium defaulted under the Lease and abandoned the leased premises. As a result, Plaintiff seeks to recover damages under the written guarantee.

Promptly after the Debtor filed for relief in this Court, Defendant, Mascarenhas, removed the State Court proceeding to the Northern District of Texas and, on a motion for change of venue, it was transferred to this court because of the pending bankruptcy. Plaintiff then filed the Motion To Abstain or Remand now before this Court for consideration. In the interim, Kalisher filed its Proof of Claim in Case No. 00–43021 currently pending before this Court subjecting it to this Court's jurisdiction. No written objection to Kalisher's claim has been filed to date.

---

1. Courts in other circuits that have faced this question have held that a claim between two non-debtors that will potentially reduce the bankruptcy estate's liabilities produces an effect on the estate sufficient to confer "related to" jurisdiction. *In re Canion, Supra.,* 587, n.

## DISCUSSION

28 U.S.C.A. § 1452 entitled "Removal of claims related to bankruptcy cases" provides that, with certain exceptions not applicable here, when a party removes, pursuant to § 1452(a), any claim or cause of action in a civil action to the district court for the district where such civil action is pending, . . .,

> the court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

*28 U.S.C. § 1452(b). See Browning v. Navarro,* 743 F.2d 1069 (5th Cir.1984).

This Court has reviewed and considered the record in this case and determined that equitable grounds exist for the remand of the instant controversy back to the State Court. This Court finds that the party who originally sought removal of the matter from the Texas Court to this Court was not the Debtor. Further, the Debtor has not objected to the Motion To Abstain or Remand thereby indicating to this Court that he has no objection to having this matter remanded back to the Texas Court. The Court must agree with Plaintiff that, as to Defendants Mascarenhas, Millennium and Drazner, the Bankruptcy Court's jurisdiction over this matter is "related to" jurisdiction. *See In re Canion,* 196 F.3d 579 (5th Cir.1999)[1]. Although

---

28 citing to *Owens Illinois, Inc. v. Rapid American Corp (In re Celotex Corp.),* 124 F.3d 619, 626 (4th Cir.1997) (finding "related to" jurisdiction when a creditor's claim against a non-debtor would reduce its claim in bankruptcy); *Kaonohi Ohana, Ltd. v. Sutherland,*

such jurisdiction is adequate to retain the matter in this Court, such jurisdiction runs concurrently with that of the State Court. This Court notes that all parties before this Court can be brought to the Texas Court with the exception of the Debtor, who is protected by the automatic stay under 11 U.S.C. § 362(a) until this Court orders otherwise. No action to date has been undertaken by Plaintiff to modify or terminate the automatic stay for purposes of pursuing litigation. 28 U.S.C. § 1334(c)(1) provides for abstention for purposes of comity in a proceeding "related to" a case under Title 11. *28 U.S.C. § 1334(c)(1).* All controversies before this Court in this adversary proceeding can be resolved in the Texas Court and the Texas Court is eminently capable of dealing with the issues raised in the Texas Court action.

However, allowance or disallowance of Kalisher's claim against the Debtor and therefore, the bankruptcy estate, is a core proceeding over which this Court has exclusive, original jurisdiction. *28 U.S.C. §§ 157 and 1334.* Ultimately, the resolution of Kalisher's claim against the estate must be adjudicated by this Court. *28 U.S.C. §§ 157(b)(2)(B).* If Kalisher prevails in the State Court action and succeeds in collecting on a judgment against Debtor's co-defendants, Kalisher's claim may be amended or Defendants' contribution claims may supplant Kalisher's claim. The claim is treated under the Debtor's proposed Second Amended Chapter 13 Plan of Reorganization. Also, Kalisher may abandon his claim against the Debtor, fail in State Court or settle the claim for some reduced amount. Whatever the result of the Texas State Court case, this Court believes such result is sufficiently attenuated from the administration of the bankruptcy estate or will have no immediate impact upon it so as require this Court to abstain from jurisdiction of the controversy among the non-debtor parties. Given the limited impact upon the administration of this estate, the requirement of judicial economy, the Debtor's protection under 11 U.S.C. § 362(a) and the fact that all other defendants in the State Court action are non-debtor third parties, this Court believes that common sense dictates that the comity due the State Court must prevail. An order will be entered accordingly.

873 F.2d 1302, 1306–07 (9th Cir.1989) (upholding "related to" jurisdiction over third-party action as specific performance remedy in third-party action would reduce damages in breach of contract claim against bankruptcy estate); *National Union Fire Ins. Co. v. Titan Energy, Inc.,* 837 F.2d 325, 329 (8th Cir.1988) (holding that a coverage dispute between the debtor's insurance company and a creditor was "related to" the bankruptcy as a finding of coverage would reduce the claims against the estate); *Carr v. Michigan Real Estate Ins. Trust (In re Michigan Real Estate Ins. Trust),* 87 B.R. 447 (E.D.Mich.1988).